

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable C. J. Wilde
County Auditor
Nueces County
Corpus Christi, Texas

Dear Sir:                    Opinion No. 0-7111

                             Re: Necessity of County Clerk's
                                 notation upon deed record
                                 as to the time of recording
                                 an instrument.

We are in receipt of your letter of recent date requesting the opinion of this department on the above stated matter. We quote from your letter as follows:

"We are enclosing herewith sample of a sheet made with our recording equipment and by which method we shall record all instruments in Nueces County. One question has come up, however, as to the necessity of showing the actual time the instrument was recorded. Please advise if it is absolutely necessary that the time of the recording be shown on the record. I say this for this reason. The County Clerk's department has been very much behind in its recordings and it is quite possible that a deed or whatever instrument it might have been, was filed for record at 8:00 A. M. on such and such a date and that the actual recording took place at 11:00 A. M. on a date one month hence. Let us assume that some unscrupulous person might have sold the same piece of property a second time and was filed for record at 3:00 P. M. of the same day that the original instrument was filed for record, but that for some unknown reason was actually recorded at a time 2 hours in advance of the deed that was first filed.

"Please note the method we are using to show the actual time recording the typed portion was, of course, photographed, while the day, month and time were inserted after the photograph had dried. Please advise at your convenience."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. C. J. Wilde,   page 2

The pertinent statutory provisions are:

Article 6594, Revised Civil Statutes:

"When any instrument of writing authorized by law
to be recorded shall be deposited in the county clerk's
office for record, if the same is acknowledged or
proved in the manner prescribed by law for record, the
clerk shall enter in a book to be provided for that
purpose, in alphabetical order, the names of the
parties and date and nature thereof, and the time of
delivery for record; and shall give to the person
depositing the same, if required, a receipt specifying
the particulars thereof."

Art. 6595, R. C. S.,

"Each recorder shall, without delay, record every
instrument of writing authorized to be recorded by
him, which is deposited with him for record, with the
acknowledgments, proofs, affidavits and certificates
thereto attached, in the order deposited for record
by entering them word for word and letter for letter,
and noting at the foot of the record the hour and the
day of the month and year when the instrument so
recorded was deposited in his office for record."

Art. 6596, R. C. S.,

"Every such instrument shall be considered as
recorded from the time it was deposited for record;
and the clerk shall certify under his hand and seal
of office to every such instrument of writing so
recorded, the hour, day, month and year when he
recorded it, and the book and page or pages in
which it is recorded; and when recorded deliver
the same to the party entitled thereto."

We find no provision requiring the county clerk to make
any notation upon the deed record as to the exact time an
instrument was recorded. We note, however, that under the
provisions of Article 6595, the county clerk is required to
note "at the foot of the record the hour and the day of the
month and year when the instrument so recorded was deposited
in his office for record." You are therefore advised that
the registration statutes do not require the county clerk

Hon. C. J. Wilde,   page 3

to make any notation on the deed record as to actual time an instrument was recorded.  The clerk is required, however, to make a notation as to the time of filing of an instrument, and it is our opinion that the photostatic copy enclosed with your letter, upon which the county clerk's file mark is photostated, is in compliance with the requirements of Article 6595 as to the notation concerning the _filing_ of the instrument.

With reference to the situation mentioned in your letter where two deeds to the same piece of property are filed at different times during the same day, we call to your attention that under the provisions of Article 6596, the first instrument filed in such a situation would be <u>considered as recorded from the time it was deposited for record.</u>  It has been held that under the provisions of Article 6596, a properly acknowledged or proved and certified deed is, from the time it was deposited for record, effective as <u>notice to subsequent purchasers</u>, although said deed had not been transcribed upon the records. (William Carlisle & Co. v. King, 133 S. W. 241).

We trust that the above and foregoing will satisfactorily answer your inquiry.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

J. A. Ellis
Assistant

JAE:LJ

